**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

MITCHELL TODD KENNEDY,

Petitioner,

vs.

MIKE MAHONEY,

Respondent.

Cause No. CV 04-195-M-DWM-JCL

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

By Order entered June 14, 2005, this Court previously determined that Petitioner's claims were procedurally barred because the Montana Supreme Court refused to review the merits of those claims for post-conviction relief based upon Petitioner's failure to raise those issues on direct appeal. See Mont. Code Ann. § 46-21-105(2). Accordingly, the Court required Petitioner to file a brief showing cause and prejudice, or in the alternative, a fundamental miscarriage of justice excusing his procedural default. Petitioner filed his brief arguing that his claims are not procedurally defaulted, and even if they were there is cause to excuse that default. On May 25, 2006, the Court stayed this matter pending resolution by the Montana Supreme Court of Gratzer v. Mahoney, a case challenging the constitutional validity of the procedural bar to habeas corpus relief contained in § 46-22-101(2), MCA. The Gratzer case having now been decided, the stay in this matter is lifted and the Court recommends that the petition for writ of habeas corpus be dismissed.

**I. PROCEDURAL DEFAULT**

"For the procedural default rule to apply, . . . , the application of the state procedural rule must provide 'an adequate and independent state law basis' on which the state court can deny relief." Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). If the state court denied relief on an independent and adequate state procedural ground, claims are barred from review in federal court, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

"Cause" must be a legitimate excuse for the procedural default in the state courts. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "Prejudice" must be actual harm resulting from the alleged constitutional violation. Id. Generally, "cause" for a procedural default exists if the petitioner can show that some objective factor external to the defense impeded his efforts to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). When the proffered cause itself would state a claim for a constitutional violation, the cause must also meet the exhaustion requirement, just as if it were asserted in the petition. Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

Kennedy argues that his claims are not procedurally defaulted because the state procedural bars were not "an adequate and independent state law basis" upon which to deny relief and that the state court procedural bar was an unconstitutional suspension of the writ of habeas corpus. Alternatively, he argues that if there was a procedural default there is cause to excuse the default based upon ineffective assistance of counsel.

**A. Adequate and Independent State Court Remedy**

As previously stated, the Montana Supreme Court did not review the merits of Kennedy's claims because he failed to raise these claims in his direct appeal. Kennedy, however, suggested the Court refer to the case of Gratzer v. Mahoney (which was then pending before the Montana Supreme Court) as ultimately providing guidance on the procedural bar issue. On November 1, 2006, the Montana Supreme Court issued its opinion in Gratzer which relied upon Lott v. State of Montana, ____ P.3d ___, 334 Mont. 270, 2006 MT 279 (Mont. Oct. 27, 2006). Lott held that the procedural bar of Montana's habeas corpus statute, Mont. Code Ann. § 46-22-101(2), is unconstitutional as "applied to a facially invalid sentence–a sentence which, as a matter of law, the court had no authority to impose." Lott, at ¶ 22. Thus, the question becomes whether, in light of Lott and Gratzer, Kennedy could return to state court to exhaust his claims by filing a petition for writ of habeas corpus.[1]

Kennedy raised four claims in his federal habeas petition. The Lott and Gratzer decisions have no bearing upon Petitioner's claims of due process violations and cruel and unusual punishment (claims one, three and four) because they do not draw into question the facial validity of his sentence.[2] Specifically, Kennedy's first claim alleges that his sentence was not supported by the facts of the case. Petitioner's third claim is that his sentence violates the prohibition

---

[1]Kennedy also referred the Court to a June 23, 2005 Order of the Ninth Circuit Court of Appeals in the matter of Murphy v. Mahoney, 05-35241. The Murphy case is on appeal from another Court in this District (See Civil Action No. 03-CV-114-GF-SEH) and does not involve the procedural bar which was applied in Kennedy's case. In addition, there has been no final determination made in Murphy. As such, it is inapplicable to this case.

[2]The Court will address below the merits of Kennedy's first due process claim, parts of which may have been exhausted on direct appeal to the Montana Supreme Court.

against cruel and unusual punishment because the length of the sentence in conjunction with his age makes his sentence essentially a death sentence. He also contends that the proportionality of his sentence is not comparable to the sentence of others convicted of the same offense. Petitioner's fourth claim is that he has been denied due process of law because the Mineral County Attorney violated his plea agreement.

Petitioner does not argue in these three claims that the sentencing court exceeded its authority in handing down his sentence. Therefore, these claims do not constitute an attack on the facial validity of the sentence and Kennedy would not be able to file a state court petition for writ of habeas corpus in an attempt to exhaust these claims.

In contrast, Petitioner's second claim of double jeopardy appears to fall within the Lott exception. In Lott, the defendant received an enhanced sentence for the use of a dangerous weapon. Lott alleged his sentence violated the prohibition against double jeopardy. Like Kennedy, Lott relied upon State v. Guillaume, 1999 MT 29, 293 Mont. 224, 975 P.2d 312 (1999) and State v. Whitehorn, 2002 MT 54, 309 Mont. 63, 50 P.3d 121 (2002) for the proposition that the application of the weapons enhancement to a charge of felony assault with a weapon or aggravated burglary (since those offenses require the use of a weapon) violated Montana's constitutional protection against double jeopardy. Therefore, it is conceivable that Kennedy could raise this issue in a state court habeas petition. Thus, the Court must construe this claim as being unexhausted. However, 28 U.S.C. § 2254(b)(2) provides that a writ of habeas corpus may be denied on the merits notwithstanding the failure of the petitioner to exhaust state court remedies. Therefore, the Court will examine below the merits of Petitioner's second claim.

**B. Cause and Prejudice–Ineffective Assistance of Counsel**

Alternatively, Kennedy argues that if there was a procedural default of his claims it was caused by his counsel's failure to follow his instructions and submit the issues on direct appeal. However, in order for counsel's alleged error to suffice as cause, that ineffectiveness must itself constitute an independent constitutional claim which has been separately exhausted in state court. Cockett v. Ray, 333 F.3d 938, 943 (9th Cir. 2003); Murray v. Carrier, 477 U.S. 478, 488-89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Kennedy did not raise an ineffective assistance of counsel claim in a procedurally proper manner. He did not raise an ineffective claim on direct appeal or in his petition for post-conviction relief. In an attempt to explain his state court procedural default, Kennedy argued in his briefs filed in support of the appeal of the denial of his petition for post-conviction relief that he could not have raised his issues on direct appeal because he was represented by counsel. However, even in those pleadings, Kennedy did not raise an ineffective assistance of counsel claim. He merely argued that he could not raise the issues on direct appeal. Thus, Kennedy has not presented an ineffective assistance of counsel claim in a manner such that the state court could, under its procedural rules, have entertained it. See Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587 (2000).

Because Kennedy has not exhausted his ineffective assistance of counsel allegation, it cannot serve as "cause" to excuse the procedural default of his claims.

**C. Fundamental Miscarriage of Justice**

The fundamental miscarriage of justice exception is only applied in extraordinary cases. The reason for such rare application is that the United States Supreme Court has "explicitly tied

the . . . exception to the petitioner's innocence." Schlup v. Delo, 513 U.S. 298, 321 (1995).

> [If a petitioner] . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

Id. at 316.

Kennedy argues that to not review his claims would result in a fundamental miscarriage of justice because it would allow him to serve a life sentence (due to his age) and he was not sentenced to life.

The fundamental miscarriage of justice exception is aimed at instances where there is a concern about the guilt of the petitioner. Kennedy makes no attempt (nor could he given his guilty plea) that he is actually innocent of the crimes charged. Kennedy's claims in his petition all pertain the sentence he received, not whether or not he is actually guilty of the crimes charged.

To establish actual innocence, Kennedy must demonstrate in light of all the evidence, including new evidence, that "it is more likely than not that no reasonable juror would have convicted him." U.S. v. Ratigan, 351 F.3d 957, 965 (9th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 623 (1998)). Kennedy has presented no new evidence. He simply contends that his sentence is unfair. This does not sustain his burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him. Accordingly, his procedurally defaulted claims are not excused by the fundamental miscarriage of justice exception.

## II. MERITS OF CLAIMS ONE AND TWO

### A. Kennedy's First Due Process Claim

Petitioner's first claim was that he was denied due process of law because the reasons for

the sentence imposed are not supported by the facts of the case. Petitioner made a point in his appeal of the denial of his petition for post-conviction relief to differentiate this claim from the claim that he raised on direct appeal. Thus, the Court previously noted that this particular claim was not raised in Petitioner's direct appeal.

However, the trial court and the Montana Supreme Court both reviewed this claim as if it were the same as that raised on direct appeal. A review of Petitioner's briefing on this issue seems to indicate that Petitioner is simply attempting to reargue the issue brought in his direct appeal. If Petitioner is attempting to raise herein the same issue raised in his direct appeal (that the trial court failed to adequately state the reasons why it imposed a 35-year parole ineligibility restriction against him) that claim has been exhausted and was not procedurally defaulted.

Therefore, out of an abundance of caution the Court will review this claim on the merits. The Antiterrorism and Effective Death Penalty Act (AEDPA) "modifies the role of federal habeas courts in reviewing" habeas petitions. Williams v. Taylor, 529 U.S. 362, 403 (2000)(O'Connor, J., concurring). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003)(citing Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997) and Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct. 357, 360 (2002)(per curiam)).

Following the AEDPA's enactment, 28 U.S.C. § 2254(d) now reads as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable

> application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1169 (9th Cir. 2003)(citing Lockyer v. Andrade, 538 U.S. 63, 73 (2003)).

"A state court's decision is an 'unreasonable application' of federal law if it is 'objectively unreasonable,' which 'requires the state court decision to be more than incorrect or erroneous.' Thus, 'an unreasonable application is different from an incorrect one.'" Id. at 1169-1170 (citing Lockyer, 538 U.S. at 75 and Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850 (2002)). A decision is not "contrary to" or an "unreasonable application of" federal law unless the "reasoning [or] the result" of the decision contradicts Supreme Court precedent. Early v. Packer, 537 U.S. 3, 8 (2002).

With regard to factual issues, habeas relief can only be granted if the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). "As to more debatable factual determinations, the care with which the state court considered the subject may be important." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997)(en banc) cert. denied 522 U.S. 1008 (1997) overruled on other grounds by Lindh, 521 U.S. 320. Further, AEDPA directs that factual findings of the state court be granted a presumption of correctness that can only be

rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Jeffries, 114 F.3d at 1499-1500.

The Montana Supreme Court examined the district court's sentencing of Kennedy and determined that,

> The District Court clearly imposed the parole eligibility restriction because the heinous nature of the crimes, especially the killing of Kennedy's wife, required "severe" and "drastic" punishment. The court also commented upon Kennedy's lack of regard for the safety of anyone who got in his way when, after repeatedly shooting his wife, he shot at an innocent bystander and pointed a weapon at a law enforcement officer; Kennedy's failure to stop his truck when being chased by Deputy Bauer immediately thereafter; and his failure to remain at the scene of the accident after crashing into a tree.

State v. Kennedy, 308 Mont. 389, 43 P.3d 982, 2001 MT 226N, ¶10 (Mont. 2001).

Ultimately, the Montana Supreme Court held that, "the District Court's stated rationale for imposing the parole eligibility restriction comports with the dictates of § 46-18-202(2), MCA."

This Court cannot say that the Montana Supreme Court's analysis of this issue was an "unreasonable application of" federal law. Petitioner cannot state a claim for denial of due process under these facts. There is nothing in this record to suggest that the parole restriction was unreasonable and/or unjustified by the facts of this case. The trial court discussed its reasoning for the restriction and as such there was no federal due process violation.

**B. Kennedy's Double Jeopardy Claim**

Kennedy's second allegation is that his rights under the double jeopardy clause have been violated because he was twice placed in jeopardy by the application of the weapons enhancement being applied to a sentence of felony assault and assault on a police officer.

However, according to the Judgment of the district court (Document 1–attached as Exhibit B to the Petition for Post-conviction relief), the weapons enhancement was given for using a dangerous weapon during the homicide (not the felony assault or assault on a police officer). Use of a weapon is not an element of mitigated deliberate homicide, Mont. Code Ann. § 45-5-103. Accordingly, there is no double jeopardy violation.

Petitioner also argues that the weapons enhancement charge was not proven to a jury and he did not enter a guilty plea to that charge. Thus, Petitioner is seeking to state a claim under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) which held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be admitted by the defendant or proven to a jury beyond a reasonable doubt. However, Petitioner admitted to shooting and killing his wife. By pleading guilty to shooting and killing his wife, Petitioner admitted that he used a weapon. Therefore, Apprendi is inapplicable.

## III. CONCLUSION

The Court has reviewed the merits of Petitioner's first claim (to the extent it has been exhausted) and second claim and determined that those grounds fail as a matter of law. Petitioner's remaining claims were procedurally defaulted and Petitioner has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. Therefore, the Court will recommend the dismissal of Kennedy's petition for writ of habeas corpus.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236, 240 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The "substantial showing" standard can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack, 529 U.S. at 483-484 (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor." Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (citing Lambright, 220 F.3d at 1025). In addition, a petitioner is not required to establish that he will prevail on the merits. Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n.4). Rather, the COA requirement seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025.

The Ninth Circuit has described at least two examples of situations which may satisfy the Barefoot standard. First, the standard may be met where although there is a controlling rule in the particular circuit, another circuit has reached a conflicting view. Id. at 1025-26. Second, a petitioner may persuasively argue that circuit law which forecloses relief should be reconsidered. Id.

The COA must indicate which issues satisfy the required showing. 28 U.S.C. § 2253(c)(3). Additionally, the district judge must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

Kennedy has failed to make a substantial showing that he was deprived a federal constitutional right. This Court has determined that most of Petitioner's claims are procedurally barred. Reasonable jurists would not debate this procedural finding. Petitioner's first and second claims were examined on the merits and determined to be without merit. Reasonable jurists would not debate whether this petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' Accordingly, any request for a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

The petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** and a Certificate of Appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of these Findings and Recommendation on Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the entry of this recommendation as indicated on the Notice of Electronic Filing, or objection is waived.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED**

**OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 30th day of November, 2006.

Jeremiah C. Lynch
United States Magistrate Judge